UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

ALLSTATE INSURANCE COMPANY,

                              Plaintiff,

    -against-                                     Docket No.:
                                              CV 13-02893(RJD)(JMA)

CONRAD ROBERT WILLIAMS, M.D., et al.,

                              Defendants.
------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STAY ENFORCEMENT OF JUDGMENT AND FOR PROTECTIVE ORDER

                                      Respectfully submitted,

                                      RIVKIN RADLER LLP
                                      926 RXR Plaza
                                      Uniondale, New York 11556-0926
                                      Telephone:   (516) 357-3000
                                      Facsimile:    (516) 357-3333

                                      *Counsel for Plaintiff, Allstate Insurance Co.*

Of Counsel:

Barry I. Levy (BL 2190)
Max Gershenoff (MG 4648)
Ryan C. Goldberg (RG 7570)

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................. 1
STATEMENT OF RELEVANT FACTS .................................................................................... 2
    I.    Pertinent Procedural History ......................................................................................... 2
    II.   Relevant Facts Regarding the Williams Defendants' "Hurricane Sandy"
         Contentions ................................................................................................................. 5
ARGUMENT ................................................................................................................................ 6
    I.    The Standards on a Motion to Stay Enforcement of a Judgment Pending
         an Appeal ...................................................................................................................... 6
    II.   The Standards on a Motion for a Protective Order ...................................................... 7
    III.  The Williams Defendants' Motion Should be Denied to the Extent That it Seeks to
         Stay Enforcement of Allstate's Judgment Pending Their Putative Appeal ................ 7
    IV.  The Williams Defendants' Motion Should be Denied to the Extent That it Seeks a
         Protective Order ......................................................................................................... 10
CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Allstate Ins. Co. v. Williams,
    2014 U.S. Dist. LEXIS 170191 (E.D.N.Y. 2014) adopted by 2014 U.S. Dist.
    LEXIS 168920 (E.D.N.Y. 2014) ......................................................................... 4, 5, 11

Capitol Records, Inc. v. MP3Tunes, LLC,
    2014 U.S. Dist. LEXIS 168148 (S.D.N.Y. 2014) ............................................................ 8

De la Fuente v. DCI Telecomms., Inc.,
    269 F. Supp. 2d 237 (S.D.N.Y. 2003) .......................................................... 6, 7, 8, 9, 10

Dove v. Atlantic Capital Corp.,
    963 F.2d 15 (2d Cir. 1992) ............................................................................................ 7

Enron Oil Corp v. Diakuhara,
    10 F.3d 90 (2d Cir. 1993) .............................................................................................. 4

Gill v. Bausch & Lomb Supplemental Ret. Income Plan I,
    2014 U.S. Dist. LEXIS 50509 (W.D.N.Y. 2014) ........................................................ 6, 8

Pitsiladi v. Guerrero,
    2008 U.S. Dist. LEXIS 106491 (S.D.N.Y. 2008) .......................................................... 7

Podgurski v. Town of N. Hempstead,
    2011 U.S. Dist. LEXIS 141099 (E.D.N.Y. 2011) .......................................................... 6

S.E.C. v. McNulty,
    137 F.3d 732 (2d Cir. 1998) .......................................................................................... 4

State Farm Mut. Auto. Ins. Co. v. Cohan,
    2010 U.S. Dist. LEXIS 44388 (E.D.N.Y. 2010) ........................................................ 9, 10

U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc.,
    2007 U.S. Dist. LEXIS 31931 (S.D.N.Y. 2007) ......................................................... 7, 8

**Other Authorities**

Fed. R. Civ. P. 26(c) ............................................................................................................ 7

Fed. R. Civ. P. 62(d) ................................................................................................... 1, 2, 3, 6

## **PRELIMINARY STATEMENT**

Plaintiff Allstate Insurance Company ("Plaintiff" or "Allstate"), respectfully submits this memorandum of law in opposition to the motion by Defendants Conrad Robert Williams, M.D. ("Williams") and Targee Medical Services, P.C. ("Targee")(collectively the "Williams Defendants"), which apparently seeks to stay enforcement of the default judgment Allstate obtained against the Williams Defendants in this action, and for a protective order preventing or limiting Allstate from obtaining discovery in aid of enforcement of its judgment. See Docket No. 78.

As set forth more fully below, the Williams Defendants have not even attempted to meet the standards on a motion to stay enforcement of a judgment. In particular, though they advance their pending appeal as the basis for their proposed stay, they have not posted any supersedeas bond pursuant to Fed. R. Civ. P. 62(d). Nor, for that matter, have they advanced any facts – much less any colorable facts – to suggest that they meet the standards for a stay of enforcement in the absence of the usual supersedeas bond. Nor have the Williams Defendants presented any colorable information to suggest that they are entitled to a protective order, beyond a conclusory, familiar, and easily belied contention that the documents Allstate seeks in aid of enforcement of its judgment were "destroyed" in Hurricane Sandy.

More generally, the Williams Defendants' latest application should be viewed in the context of their contemptuous disregard for their obligations in the context of this lawsuit – a disregard that this Court noted in its decision granting Allstate default judgment. As discussed below, Allstate only obtained default judgment against the Williams Defendants after the Williams Defendants not only disregarded their obligation to respond to Allstate's Complaint, but also disregarded the Court's and Allstate's last-ditch attempts to resolve Allstate's claims short of default judgment.

Accordingly, the Williams Defendants' motion should be denied in its entirety.

## STATEMENT OF RELEVANT FACTS

I. **Pertinent Procedural History**

Allstate commenced this action against the Williams Defendants and others on May 16, 2013. See Docket No. 1. True and correct copies of the Summons and Complaint were duly served on each of the Williams Defendants and all proofs of service were subsequently filed with the Court via ECF. See Docket Nos. 4, 9. Due to the Williams Defendants' failure to appear in this action, the Clerk of the Court, on Allstate's motion, entered certificates of default against Targee on November 25, 2013, and against Williams on December 4, 2013. See Docket Nos. 40, 42.

Thereafter, on February 18, 2014, Allstate moved for entry of default judgment against the Williams Defendants. See Docket Nos. 47-49, 54.

Once Allstate moved for entry of default judgment, the Williams Defendants moved to vacate their default, and Allstate opposed. See Docket Nos. 57, 59.

The Court responded by convening a settlement conference on March 14, 2014. See Docket No. 61. Both Williams, appearing pro se, and counsel for Allstate attended the conference. Id. During the March 14, 2014 conference, the Court inquired into whether it would be possible to resolve Allstate's then-pending motion for default judgment against the Williams Defendants via a settlement with the Williams Defendants. Id. Allstate responded that it could not make a determination as to its settlement position, if any, without complete disclosure of the Williams Defendants' financial position. Id.

Accordingly, on March 14, 2014, the Court: (i) directed Allstate to serve Williams with financial discovery requests by March 18, 2014; (ii) directed Williams to respond to the discovery requests by March 21, 2014; and (iii) directed Allstate to contact the Court by March 24, 2014 to advise as to whether Williams had produced the financial discovery, whether

2

settlement appeared possible, or – if not – to request that the motion for default judgment be considered. See Docket No. 61.

Allstate complied with the Court's order, and actually served its financial discovery requests on Williams one day early, on March 17, 2014. See Docket No. 62, Exhibit "1". Allstate served the requests early in a good-faith effort to give Williams every opportunity to respond in a timely manner. Id.

However, Williams failed to respond to the discovery requests in any manner. Nor did Williams contact Allstate to request additional time to respond. See Docket No. 62. Accordingly, on March 24, 2014, Allstate wrote to the Court, advised the Court of these facts, and requested that the Court enter the default judgment against the Williams Defendants. Id.

The Williams Defendants had ample opportunity to comply – however belatedly – with the Court's March 14, 2014 order, and to pursue a settlement with Allstate, to the extent one could be possible. Specifically, the Court did not issue its Report and Recommendation with respect to Allstate's motion for default judgment until November 3, 2014 – more than seven months after it directed Williams to respond to Allstate's discovery requests. See Docket No. 70. What is more, the Court did not actually enter the default judgment against the Williams Defendants until December 8, 2014 – more than eight months after Williams was supposed to produce his financial discovery. See Docket No. 76.

In this context, it is important to emphasize that – in the Court's Report and Recommendation, which was adopted in its entirety by Judge Dearie (see Docket Nos. 70, 75) – the Court made note of this procedural history:

> After the Clerk of the Court entered default against Williams and Targee, Allstate moved for default judgment against Williams. (See Entry of Default, ECF Nos. 40, 42; Notice of Motion for Default J., ECF No. 47.) Williams, acting pro se, filed a letter with the Court requesting leave to answer the complaint and contesting the motion for default. (Williams's Mar. 7, 2014 Ltr., ECF No. 57.) Thereafter, I held a conference with Allstate

3

> and Williams, and set a limited discovery schedule. (Mar. 14, 2014 Minute Entry, ECF No. 61.) After Williams failed to comply with the discovery schedule, Allstate renewed its request for a default judgment against Williams and Targee. (Mar. 24, 2014 Allstate Reply, ECF No. 62.) Since March 14, 2014, Williams has not contacted the Court or filed any additional letters. Therefore, his request, which I construe as a motion to vacate the entry of default, is deemed abandoned.
>
> Even assuming that the motion to vacate is not abandoned, Williams's March 7, 2014 letter shows no basis to vacate the entry of default against him. Rule 55(c) allows a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Although Rule 55 does not define "good cause," the Second Circuit has developed three criteria that courts must assess when deciding whether to vacate an entry of default: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (citing Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996)). The court may also consider other equitable factors such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Enron Oil Corp v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). When doubts exist as to whether a default should be vacated, the court should resolve those doubts in favor of the defaulting party. Id.
>
> Here, Williams's letter makes four points. One, he states that he was in the process of reaching a settlement with Allstate and therefore he did not file an answer earlier. (Williams's Mar. 7, 2014 Ltr. at 1.) Two, Williams contends that he received notice of the default in February 2014 and due to his "busy schedule" he responded at his "earliest opportunity." (Id. at 2.) Three, Williams claims he was not formally notified of refusal to settle and was not aware of it until he received the motion for default. (Id. at 2.) Four, he asserts, in a conclusory fashion and without any supporting evidence, that all the billings were for medically necessary procedures and in accordance with billing protocol. (Id. at 2-3.) Further, Williams asserts that he remains open to the possibility of settlement; however, Williams's failure to appear or otherwise contact the Court after the March 14, 2014 conference indicates otherwise. (Id. at 3.)
>
> Williams's default is willful, his letter fails to demonstrate any meritorious defenses, and Allstate would be prejudiced if the default were vacated this late in the litigation. Therefore, I respectfully recommend that the motion to vacate the entry of default be denied.

Allstate Ins. Co. v. Williams, 2014 U.S. Dist. LEXIS 170191 at * 14 - * 16 (E.D.N.Y. 2014), adopted by 2014 U.S. Dist. LEXIS 168920 (E.D.N.Y. 2014).

On or about December 17, 2014, Allstate served deposition and document subpoenas on the Williams Defendants, in aid of enforcement of its judgment. The subpoenas directed the

4

Williams Defendants to appear for a deposition on January 8, 2015, and to produce various classes of financial documents at the deposition. Copies of the subpoenas are annexed as Exhibit "A" to the Declaration of Max Gershenoff ("Gershenoff Decl."), submitted herewith.

On or about December 17, 2014, the Williams Defendants filed a notice of appeal with respect to the judgment. See Docket No. 77. To-date, it does not appear as if they have taken any steps to perfect the putative appeal.

On December 22, 2014, the Williams Defendants made the present motion.

## II. Relevant Facts Regarding the Williams Defendants' "Hurricane Sandy" Contentions

As the Court may note, the Williams Defendants appear to seek a protective order limiting or preventing Allstate from seeking discovery in aid of enforcement of its judgment. See Docket No. 78. For this proposition, the Williams Defendants contend that "many if not all" of the Williams Defendants' business records were – conveniently – destroyed when Targee's offices were "inundated" in Hurricane Sandy. Id.

This is not the first time that the Williams Defendants have advanced such a claim. In their motion to vacate their default – which the Court denied – the Williams Defendants likewise contended that Targee's offices had been destroyed in Hurricane Sandy. See Docket No. 57. However – and as Allstate pointed out at the time – the Williams Defendants' contentions did not stand up to any serious scrutiny. See Docket No. 59. In particular, though the Williams Defendants contended – and continue to contend – that they lost virtually all of Targee's business records in Hurricane Sandy, the claim is belied by a search of the New York City Civil Courts' e-Courts website. This search indicated (and indicates) that Targee continued (and continues) to actively file and prosecute dozens of no-fault insurance collections actions in the Civil Courts, including several against Allstate, and that dozens of these cases were filed in 2013

5

and 2014, after Hurricane Sandy. See Docket No. 59, Exhibit "11"; see also Gershenoff Decl., Exhibit "B".

## ARGUMENT

### I. The Standards on a Motion to Stay Enforcement of a Judgment Pending an Appeal

A defendant seeking to stay the enforcement of a judgment pending appeal can obtain a stay as a matter of right, pursuant to Fed. R. Civ. P. 62(d) by posting a supersedeas bond to secure the amount of the judgment. See, e.g., Fed. R. Civ. P. 62(d); see also Gill v. Bausch & Lomb Supplemental Ret. Income Plan I, 2014 U.S. Dist. LEXIS 50509 at * 4 - * 5 (W.D.N.Y. 2014). "The supersedeas bond contemplated by Rule 62 must secure not only the total judgment, with costs and interest, but also any damages that may arise from the consequent delay in executing the judgment." Podgurski v. Town of N. Hempstead, 2011 U.S. Dist. LEXIS 141099 at * 2 (E.D.N.Y. 2011)(internal quotations and citation omitted).

Because a supersedeas bond is designed to protect the appellee, the party seeking the stay without a bond has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a superseadeas bond in the full amount of the judgment. See, e.g., De la Fuente v. DCI Telecomms., Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003). Put another way, the party seeking a stay without a supersedeas bond has the burden of "objectively demonstrat[ing]" why "the court should "depart from the usual requirement of a full security supersedeas bond to suspend operation of an unconditional money judgment." Gill, supra at * 6 (internal quotations and citation omitted).

In determining whether a party seeking a stay absent a supersedeas bond has met this burden, Courts consider "(1) whether the petitioner is likely to prevail on the merits of his appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceedings, and (4)

wherein lies the public interest." De la Fuente, supra; see also U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc., 2007 U.S. Dist. LEXIS 31931 at * 2 - * 3 (S.D.N.Y. 2007)(same).

II. **The Standards on a Motion for a Protective Order**

Under Fed. R. Civ. P. 26(c), the Court may issue a protective order upon a showing of good cause.[1] Specifically, the Rule provides in relevant part that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The burden is on the party seeking the protective order to demonstrate good cause. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)(noting that where the requested discovery is "relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause". (Internal quotations and citation omitted). In general, good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." Pitsiladi v. Guerrero, 2008 U.S. Dist. LEXIS 106491 at * 2 (S.D.N.Y. 2008)(internal quotations and citation omitted). In this context, conclusory assertions of harm are insufficient. Id.

III. **The Williams Defendants' Motion Should be Denied to the Extent That it Seeks to Stay Enforcement of Allstate's Judgment Pending Their Putative Appeal**

The Williams Defendants' motion should be denied to the extent that it seeks to stay enforcement of Allstate's judgment pending their putative appeal. As a threshold matter, the Williams Defendants' papers do not recite that they posted any supersedeas bond, and – so far as Allstate is aware – no such bond has been posted. See Docket No. 78.

Nor, for that matter, have the Williams Defendants advanced any reason – much less met their burden to objectively demonstrate – why "the court should "depart from the usual requirement of a full security supersedeas bond to suspend operation of an unconditional money

---

[1] Notably, the Williams Defendants made no attempt to meet and confer with counsel for Allstate before making the present motion.

7

judgment." Gill, supra at * 6 (internal quotations and citation omitted). Rather, they simply posit, in conclusory fashion, that the Court should stay enforcement of Allstate's judgment because they have filed a notice of appeal, and may one day attempt to perfect an appeal of unknown merit. See Docket No. 78. Notably, the Williams Defendants have not proffered anything to suggest: (i) the grounds for their putative appeal; (ii) that they are likely to prevail on the merits of their putative appeal; (iii) that they will suffer any irreparable harm if a stay is not granted; (iv) whether any such stay would harm any of the other parties to this action, such as Allstate; or (v) whether the public interest militates for a stay. See Docket No. 78. See, e.g., De la Fuente, supra.

The Williams Defendants' motion therefore is totally insufficient. See, e.g., Capitol Records, Inc. v. MP3Tunes, LLC, 2014 U.S. Dist. LEXIS 168148 at * 9 - * 11 (S.D.N.Y. 2014)(rejecting motion to stay absent a supersedeas bond, where defendant "has not shown that he is likely to prevail on the merits of his appeal", and "also fails to demonstrate that he will be irreparably harmed or rendered insolvent absent a stay"); U2 Home Entm't, Inc., supra at * 3 - * 4 (denying stay of enforcement absent supersedeas bond where the defendants "offer[ed] very little concrete information in support of their motion", had not made a "strong showing" of likely success on appeal, and where the showing of irreparable harm was "equally flaccid"); Gill, supra at * 6 - * 7 (denying stay of enforcement absent supersedeas bond where "the caselaw [was] clear that the party seeking a stay without posting bond bears the burden of establishing its entitlement to such relief which Defendants have not done. As Plaintiffs point[ed] out, Defendants [had] not addressed whether the posting of a bond during the pendency of their appeal would cause them 'irreparable harm', and their failure to offer specific and substantiated reasons as to this factor [was] sufficient to deny their request.")

Indeed, in State Farm Mut. Auto. Ins. Co. v. Cohan, 2010 U.S. Dist. LEXIS 44388 (E.D.N.Y. 2010), Judge Joanna Seybert denied several defendants' motion to stay enforcement of a judgment under highly analogous circumstances. In Cohan, as in the present case, the defendants were alleged to have embarked on a no-fault insurance fraud scheme involving billing for medically-useless healthcare services. Id. at * 1. In Cohan, as in the present case, the defendants "willfully defaulted, leading to the Court imposing a default judgment against them." Id. at * 3. In Cohan, as in the present case, the defendants attempted to obtain a stay of enforcement without posting a supersedeas bond. Id. at * 2.

Notably, however – and in contrast to the present case – the Cohan defendants actually made an attempt to meet the De la Fuente factors, by arguing that they could not "obtain a supersedeas bond sufficient to cover the judgment, and [would] agree to an order restraining them from transferring or encumbering any of their assets. Thus, they argue[d], failing to grant a stay [would] irreparably injure them (the second factor) while not harming Plaintiff (the third factor)." Cohan, supra at * 2 - * 3.

However, as Judge Seybert observed in denying the Cohan defendants' motion, "[f]irst, Defendants willfully defaulted, leading to the Court imposing a default judgment against them. So, not only are Defendants not 'likely' to prevail on the merits, but any such appeal would not be taken in good faith. Thus, the first factor heavily tips against granting Defendants their requested stay. Second, because Defendants have little chance on appeal, failing to grant Defendants' requested stay will not substantively prejudice them. It follows then that the second factor also tips against Defendants. Considering these factors, especially the first factor, the Court finds that no stay is warranted." Cohan, supra at * 3.

The same result should obtain in the present case. The Williams Defendants have not set forth any reason – other than the pendency of a putative appeal of unknown, but presumably

9

little, merit – why the Court should stay enforcement of Allstate's judgment without a supersedeas bond. Even if the Williams Defendants had made some attempt at meeting the De la Fuente factors, they would be unable to show any likelihood of success on their merits or prejudice given their willful default in this case.

Accordingly, the Williams Defendants' motion should be denied.

### IV. The Williams Defendants' Motion Should be Denied to the Extent That it Seeks a Protective Order

The Williams Defendants' motion also should be denied to the extent that it seeks a protective order. As the Court may note, Williams asks the Court for a "stay or possibly an adjournment of the subpoena I have received regarding this case … ." See Docket No. 78; see also Gershenoff Decl., Exhibit "A". Distilled to their essence, Williams' grounds for the proposed protective order amount to the following:

(i) Williams contends that discovery in aid of enforcement of Allstate's judgment is inappropriate during the pendency of his putative appeal;

(ii) Williams contends that the subpoena is "excessively burdensome and impossible to satisfy" inasmuch as he cannot produce the documents required by the subpoena within the alotted time – i.e., by January 8, 2015; and

(iii) Williams contends that many of the documents requested by the subpoena – including virtually all of Targee's business and financial records – were destroyed in Hurricane Sandy.

See Docket No. 78.

None of these contentions has any merit. First, and as discussed above, the pendency of the Williams Defendants' putative appeal does not entitle the Williams Defendants to any stay of enforcement of Allstate's judgment.

Second, though Williams posits that he cannot produce the requisite documents by January 8, 2015, it is essential to note that the business and financial records Allstate seeks via its subpoenas are – in large measure – the same documents that the Court ordered the Williams

10

Defendants to produce in its March 14, 2014 discovery order. See Docket No. 61, Docket No. 62, Exhibit "1". As discussed above, the Court entered default judgment against the Williams Defendants after – among other things – they failed to comply with the Court's March 14, 2014 discovery order (which itself was an attempt by the Court to effectuate a settlement of this matter and avoid default judgment). See, e.g., Williams, supra at * 14 - * 16; see also Docket No. 62. Simply put, Williams should not be heard to contend that Allstate's subpoena leaves him insufficient time for compliance, when – more than nine months ago – he previously disregarded a Court order to produce many of the same documents sought by the subpoena.

In any case, Williams has not set forth – with any detail – the steps he has taken to retrieve the documents required by the subpoena, much less set forth any facts to suggest that he cannot, in fact, retrieve and produce the requested documents by January 8, 2015.

Third, and relatedly, Williams contends that many of the requested documents supposedly were destroyed in Hurricane Sandy and therefore – conveniently – can never be produced. This is outrageous. As the Court may note, Williams contends that "many if not all" of the Williams Defendants' financial and business records were destroyed by flooding. See Docket No. 78. However: (i) he has not produced any actual evidence of the flooding or record destruction beyond his own conclusory statements; (ii) he has not explained whether the Williams Defendants made any efforts to preserve or recover their supposedly flood-damaged business and financial records, which is rather telling inasmuch as the records pertained – at a minimum – to the massive amount of billing that they submitted to Allstate and other insurers; (iii) he has not explained whether – as might be expected – any or all of the requested records were maintained in digital format; and (iv) though – according to Williams – Targee was forced to cease operations as the result of the purported flooding and destruction of business records, in actuality Targee did not cease operations. Rather, as discussed above, in 2013 and 2014,

11

following the supposed "flooding" and "destruction", the Williams Defendants continued to commence and actively prosecute dozens of no-fault insurance collections actions in the Civil Courts, including several against Allstate. See Docket No. 59, Exhibit "11"; see also Gershenoff Decl., Exhibit "B". It is difficult to imagine how they could have commenced and litigated these lawsuits when "many if not all" of their business and financial records were destroyed.

In light of these issues, the Williams Defendants have not met their burden to show good cause for any protective order.

## CONCLUSION

For the reasons stated herein, the Williams Defendants' motion should be denied in its entirety.

Dated:   December 23, 2014

                              Respectfully submitted,

                              RIVKIN RADLER LLP

                              By:  _____/s/_____
                                    Barry I. Levy (BL 2190)
                                    Max Gershenoff (MG 4648)
                                    Ryan Goldberg (RG 7570)
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

*Counsel for Plaintiff Allstate Insurance Company*