UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
ALLSTATE INSURANCE COMPANY,

                Plaintiff,

        - against -

CONRAD ROBERT WILLIAMS, M.D., et al.,

                Defendants.
----------------------------------------------------------- x

**MEMORANDUM & ORDER**

13 CV 2893 (RJD) (JMA)

DEARIE, District Judge

        Plaintiff Allstate Insurance Company ("Allstate") sued Conrad Robert Williams, M.D., and the professional corporation he controls, Targee Medical Services, P.C. (collectively "Defendants"), alleging that Defendants defrauded Allstate by submitting fraudulent billing for medically useless or unreimbursable services. On December 5, 2014, this Court adopted Magistrate Judge Azrack's well-reasoned November 3, 2014 report and recommendation, and granted Allstate a default judgment against Defendants. On December 17, 2014, Defendants filed a notice of appeal with respect to that judgment. Defendants now move on a *pro se* basis to stay the enforcement of that judgment pending appeal. For the reasons set forth below, that motion is DENIED.

## DISCUSSION

        Fed. R. Civ. P. 62(d) provides that, if an appeal is taken, an appellant can stay enforcement of the district court's judgment by posting a bond. However, Defendants seek a stay without posting a supersedeas bond. In evaluating whether to issue a stay without a supersedeas bond, this Court considers the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

other parties interested in the proceeding; and (4) where the public interest lies." S.E.C. v. Citigroup Global Markets Inc., 673 F.3d 158, 162 (2d Cir. 2012) (per curium) (quoting Hilton v. Braunskill, 481 U.S. 770, 770-71 (1987)). "Because a supersedeas bond is designed to protect the appellee, the party seeking the stay without a bond has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." De la Fuente v. DCI Telecommunications, Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003).

Here, Defendants have not advanced a valid justification for departing from the usual requirement of a full security supersedeas bond sufficient to cover the judgment. Defendants have not made any showing—let alone a "strong showing"—that they are likely to succeed on the merits of their appeal. In fact, given Defendants' well-documented, willful default, the grounds for Defendants' appeal are not immediately clear. See Allstate Ins. Co. v. Williams, No. 13 CV 2893 (RJD) (JMA), 2014 WL 6900121, at *6-7 (E.D.N.Y. Dec. 5, 2014). Not only does it appear that Defendants are unlikely to prevail on the merits of their appeal, "but any such appeal would not be taken in good faith," given their willful default. State Farm Mut. Auto. Ins. Co. v. Cohan, No. 09 CV 2990 (JS), 2010 WL 1849275, at *1 (E.D.N.Y. May 4, 2010) (declining to order a stay where defendants in a no-fault insurance fraud scheme had willfully defaulted). Additionally, Defendants have failed to establish how they will be irreparably injured absent a stay, while not harming Allstate. Considering these factors, a stay pending Defendants' appeal is not warranted.

For similar reasons, Defendants' request for a stay or adjournment of the subpoena he received from Allstate is denied. The pendency of Defendants' appeal does not entitle them to any stay of enforcement of Allstate's judgment or discovery in aid of enforcement of that

2

judgment. Defendants also argue that they cannot produce the requisite documents by January 8, 2015. While the Court is convinced that Defendants have had ample time to cull these documents, Defendants are granted a two week extension, until January 22, 2015, to comply with the subpoena. Lastly, while Defendants contend that many of the requested documents were destroyed by Hurricane Sandy, Allstate has presented evidence that this may not be the case and, in any event, the possibility that some documents may have been destroyed is not a valid basis to refuse to respond to the subpoena in its entirety.

Accordingly, for the foregoing reasons, the motion for a stay pending appeal and for a stay or adjournment of the subpoena is DENIED. Defendants are granted a two week extension, until January 22, 2015, to comply with the subpoena.

SO ORDERED.

Dated: Brooklyn, New York
January 6, 2015

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge