

WWW.RIVKINRADLER.COM

RYAN GOLDBERG
(516) 357-3525
Ryan.goldberg@rivkin.com

January 23, 2015

**By ECF**
Honorable Raymond Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

   Re: **Allstate Insurance Company v. Conrad Robert Williams, M.D. et al.**
      **Docket No.: CV 13-02893 (RJD) (JMA)**
      **Our File No.: 999-1025**

Dear Judge Dearie:

I write on behalf of Plaintiff, Allstate Insurance Company ("Allstate" or "Plaintiff") in the above-referenced matter. Pursuant to Fed.R.Civ.P.37, Allstate respectfully submits this letter in support of its application seeking to hold Conrad Robert Williams, M.D. ("Dr. Williams") in contempt for his failure to comply with this Court's January 6, 2015 Order (the "1/6/15 Order") as well as an award of counsel fees and costs incurred in making this application, and imposing escalating civil contempt penalties for continued failure to follow the 1/6/15 Order.

Dr. Williams' blatant disregard for this Court's order and his failure to appear for the Court ordered deposition and to produce documents is a continuation of Dr. Williams' willful default and lack of respect for this Court and its authority. See Docket No. 84 (detailing Dr. Williams "well documented, willful default" in this case"). A copy of the 1/22/15 statement on the record is attached hereto as Exhibit "1".

After the entry of Judgment against Dr. Williams[1] (Docket No. 76), Allstate commenced enforcement proceedings against Dr. Williams by serving a Subpoena Ad Testificandum and Duces Tecum on Dr. Williams (See Docket No. 80-1). Rather than complying with the subpoena, Dr. Williams filed a baseless application to stay enforcement. That application was denied by this Court

---

[1] Judgment was also entered against Dr. Williams and his professional corporation, Targee Medical, P.C. ("Targee"), in the amount of $1,124,483.43. See Docket No. 76.

926 RXR Plaza
Uniondale, NY 11556
T 516.357.3000
F 516.357.3333

555 Madison Avenue
New York, NY 10022
T 212.455.9555
F 212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601
T 201.287.2460
F 201.489.0495



Honorable Raymond Dearie
January 23, 2015
Page 2

---

in its 1/6/15 Order. See Docket No. 84. The Order granted Dr. Williams a short extension to compile documents and required him to appear for a deposition no later than January 22, 2015 and to produce the documents sought in Allstate's subpoena.

Following the issuance of the Order, I spoke directly with Dr. Williams to schedule his deposition for January 22, 2015, and Dr. Williams confirmed that he would appear. A copy of Allstate's confirmation letter is attached hereto as Exhibit "2". Inexplicably, the night before the deposition was scheduled to take place, Dr. Williams contacted me and advised that on the advice of his counsel, Gary Tsirelman, Esq., he would not be appearing for the Court ordered deposition. It should be note that Mr. Tsirelman has never appeared in this case on behalf of Dr. Williams who claims to be proceeding pro-se. He offered no further explanation. I advised that pursuant to the Court Order, Allstate would be proceeding on January 22, 2015 and would continue enforcement proceedings. On January 22, 2015, I placed a statement on the record at 10:30 a.m., regarding Dr. Williams' refusal to appear for the deposition and failure to provide the subpoenaed documents. See Exhibit "1".

This Court has inherent power to hold a party in contempt, which is a necessary function for purposes of managing and maintaining order in the efficient and expeditious administration of justice. See Musalli Factory For Gold & Jewelry Co. v. New York Financial LLC, 2010 US Dist Lexis 58439, *6 (S.D.N.Y. June 14, 2010); see also Cordius Trust v. Kummerfeld Assocs., 658 F. Supp. 2d 512, 515 (S.D.N.Y. 2009). The standards for holding a party in contempt are clear. A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Musalli, 2010 US Dist Lexis 58439 at *7 (quoting Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645 (2d Cir. 2004)); see also King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995); Leser v. U.S. Bank N.A., 2012 U.S. Dist. LEXIS 21626 (E.D.N.Y. 2012).

Under the circumstances, it is clear that the Dr. Williams is determined to thumb his nose at this Court's authority and to disregard the orders in an effort to conceal his assets and frustrate Plaintiffs' ability to enforce the Judgment obtained in this action. Dr. Williams' conduct is but a piece of his contemptuous behavior demonstrated throughout the course of this litigation.

Considering Dr. Williams disregard for the 1/6/15 Order – and in light of his conduct throughout the course of this action – GEICO respectfully submits that sanctions are appropriate pursuant to Fed. R. Civ. P. 37 in the form of an order holding Dr. Williams in contempt, awarding Plaintiff its counsel



Honorable Raymond Dearie
January 23, 2015
Page 3

---

fees and costs incurred in making this application, as well as an further order imposing progressively increasing monetary sanctions pending full compliance with the 1/6/15 Court order. See Docket No. 84; See also State Farm Mutual Automobile Insurance Company v. Barry Cohan et al., Docket No. CV 9-2990 (JS)(WDW)(Docket Entry Nos. 56 and 57 - imposing escalating civil contempt penalties for failure to follow court order requiring discovery). We would respectfully suggest that monetary sanctions starting in the amount of $1,000 and doubling every day until there is full compliance would be appropriate in the circumstances.

We appreciate the Court's attention to this matter.

            Respectfully submitted,

            RIVKIN RADLER LLP

            Ryan Goldberg (RG 7570)

cc:  All counsel via ECF
    Conrad Robert Williams, M.D. via Federal Express